JAENAM J. COE  (SBN 175920)
LAW OFFICES OF JAENAM COE PC
3731 Wilshire Blvd. Suite 910
Los Angeles, CA  90010
Telephone:  213-389-1400
Telefax:      213-387-8778
Attorney for  Plaintiff,
HIDDEN JEANS, INC. dba CELLO JEANS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES )

| | |
|---|---|
| HIDDEN JEANS INC, d/b/a CELLO JEANS, a California Corporation, <br> Plaintiff, <br> vs. <br> RUE 21 INC, a Delaware Corporation and DOES 1 through 10, <br> Defendants. | Case No.: <br><br> **COMPLAINT FOR** <br> **1. COPYRIGHT INFRINGEMENT;** <br><br> **2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT** <br><br> **3. Unfair Competition in Violation of California Bus. & Prof. Code §§ 17200 *et seq.*** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, HIDDEN JEANS, INC. doing business as CELLO JEANS, ("HJ" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

4. Plaintiff HJ is a California corporation, which owns the copyrights which were registered in 2012 with the Register of Copyrights of the United States Copying Office under the following registration number ("Plaintiff's Copyrighted Design"): VAu1-122-076. Plaintiff also manufactures and sells the jeans bearing the Plaintiff's Copyrighted Designs to the trade for public consumption.

5. Plaintiff is informed and believes and on that basis allege that Defendant, RUE 21 INC., is a Delaware corporation whose retail stores are located throughout the United States.

6. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 2, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted Design without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which

therefore sues said Defendants by such fictitious names and will seek leave to amend this

complaint to show their true names and capacities when same have been ascertained.

7.     Defendants DOES 4 through 10, inclusive, are other parties not yet

identified who have infringed Plaintiff's copyrights, have contributed to the infringement

of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices

alleged herein. The true names, whether corporate, individual or otherwise, of Defendants

4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said

Defendants by such fictitious names, and will seek leave to amend this Complaint to

show their true names and capacities when same have been ascertained.

8.     Plaintiff is informed and believes and thereon alleges that at all times

relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager,

principal, alter-ego, and/or employee of the remaining Defendants and was at all times

acting within the scope of such agency, affiliation, alter-ego relationship and/or

employment; and actively participated in or subsequently ratified and adopted, or both,

each and all of the acts or conduct alleged, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each and every violation

of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## GENERAL ALLEGATIONS

9.     Plaintiff alleges that Defendants are in the business of manufacturing,

importing, reselling, and/or distributing women's apparel through their outlets throughout

the United States.

10.    Plaintiff designs and sells jeans to the trade, which bear the Plaintiff's Copyrighted Designs. Plaintiff's jeans are identified with the elaborate embroidery designs in its back pockets.

11.    Prior to the acts complained of herein, Plaintiffs produced and sold products bearing Plaintiff's Copyrighted Designs to numerous parties in the industries and retailers as well as individual consumers.

12.    Following this distribution of product bearing Plaintiffs Copyrighted Designs, Plaintiff's investigation revealed that Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold products comprised of garments made with fabric featuring designs which is identical, or substantially similar, to Subject Designs, including but not limited to products sold by each vendor.

13.    Plaintiffs are informed and believe that the subject products were manufactured and/or sold to the public by the defendants.

14.    Prior to the conduct complained of herein, Plaintiff purchased and/or composed an original two-dimensional artwork. ("Subject Design").

15.    Plaintiff applied for and received copyright registration for Subject Design on August 29, 2012 under Registration No. VAu1-122-076. A true and correct image of Subject Design with copyright registration certificate has been attached hereto as Exhibit 1.

16.    Prior to the acts complained of herein, Plaintiff sampled and sold jeans bearing Subject Design to numerous parties in the fashion and apparel industries.

17.     Following this distribution of product bearing Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design, (hereinafter "Subject Garments"), including but not limited to garments sold at RUE21 under SKU 435000800006 and bearing RN 78749, indicating that the garments were made by or for RUE21. A true and correct copy of one such garment (the "Subject Garment") is attached hereto as Exhibit 2.

18.     Plaintiff is informed and believes that Subject Garment was manufactured and/or sold to RUE21 by Defendant DOE 1.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

19.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 18, inclusive, of this Complaint.

20.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design (hereinafter collectively referred to as "Subject Designs"), including, without limitation, through the garments sold to public.

21.     Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said

garments included and featured the unauthorized back-pocket designs that were identical or substantially similar to the Subject Designs, or were an illegal modification thereof.

22.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments bearing said designs.

23.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

26. Plaintiff is further informed and believes that Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

27.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 26, inclusive, of this Complaint.

28.     Plaintiff is informed and believes and thereon alleges that Defendant knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

29.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

30.     By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

31.     Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

32.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Subject Garments after Plaintiff demanded that they cease and desist from engaging in same. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages

### THIRD CLAIM FOR RELIEF

CALIFORNIA UNFAIR COMPETITION

(Cal. Bus. & Prof. Code §§ 17200 et seq.)

33. The allegations set forth in paragraphs 1 through 32 hereof are adopted and incorporated by reference as if fully set forth herein.

34. The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 et seq.

35. Upon information and belief, HJ has standing to assert this claim under California Business & Professions Code §§ 17200 et seq. because its monetary and property interests have been damaged by the aforesaid actions of Defendants. By way of example, upon information and belief, HJ has lost sales of its jeanswear products due to Defendants' aforesaid conduct, and/or the value of HJ's brand identity has been diminished by Defendants' actions.

36. Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

37. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

38. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage HJ, and HJ has no adequate remedy at law.

39. Pursuant to California Business & Professions Code §§ 17200 et seq., HJ is entitled to injunctive relief and an award of attorneys' fees and costs.


## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1. With Respect to Each Claim for Relief

a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.38 and the 7th Amendment to the United States Constitution.

Dated: February 11, 2016     LAW OFFICES OF JAENAM J. COE

BY: _____
Jaenam J. Coe
Attorney for Plaintiff

.